IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHN MILLS, LLC and KYLE MOTOLA, | ) ) ) | |
| Plaintiffs, | ) ) | Case No: |
| v. | ) ) | 2:19-cv-00275-RWS |
| CHRISTOPHER GLEN FINLEY, PAMELA MICHELLE FINLEY, and ASHER'S ATTIC, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs John Mills, LLC and Kyle Motola (collectively "John Mills") file this Opposition to Defendants' Motion to Dismiss (Dkt. 13) as follows:

## I.  Introduction

Defendants moved to dismiss Counts I, II and IV[1], claiming that John Mills' Complaint (Dkt. 1) fails to state a claim for copyright infringement because it doesn't contain any conjugation of the verb "copy." (Dkt. 1 at 6-7). But the Complaint (Dkt. 1) is far from conclusory; it contains sixteen (16) paragraphs of factual allegations

---

[1] Counts I and II are for copyright infringement of two different works, and Count IV for is for injunctive relief. (Dkt. 1).

that support the claims for copyright infringement. Defendants' Motion (Dkt. 13) should be denied.

## II.   Factual Background

### A.   Brief Overview of the Case

This is an action for copyright infringement and tortious interference with business relations arising out of Defendants' sale of clothing bearing infringing artwork on their Amazon.com Storefront and Etsy Shop. (Dkt. 1 at ¶¶ 26-31).

### B.   Factual Allegations in the Complaint

The Complaint alleges that Kyle Motola owns a federal copyright registration for his two-dimensional artwork Schrute Farms Bed & Breakfast (the "Schrute Farms Work") (Reg. No. VA 2-132-052) (Dkt. 1 at ¶ 18; Dkt. 1-1) and that John Mills, LLC owns a federal copyright registration for its two-dimensional artwork Hawkins AV club (the "Hawkins AV Club Work") (Reg. No. VA 2-153-146) (Dkt. 1 at ¶ 19; Dkt. 1-2). The Complaint also alleges that Defendants had access to the Schrute Farms Work at least as early as January 10, 2018 when John Mills, LLC began selling clothing bearing that artwork through its Amazon.com Storefront (Dkt. 1 at ¶ 26). The Complaint further alleges that Defendants had access to the Hawkins AV Club Work at least as early as November 22, 2016 when John Mills, LLC began selling clothing bearing that artwork through its Amazon.com Storefront (Dkt. 1 at

¶ 29).

As alleged in the Complaint, Defendant Christopher Finley operates a Amazon.com Storefront, Asher's Apparel (Dkt. 1 at ¶ 22), and Defendant Pamela Finley operates an Etsy Shop, Asher's Apparel Co. (Dkt. 1 at ¶ 24). Defendants sell clothing bearing two-dimensional artwork which is substantially similar to the Schrute Farms Work on their Amazon and Etsy shops. (Dkt. 1 at ¶¶ 27, 28, 62 and 63). These allegations are supported by screenshots of representative listings. (Dkt. 1 at ¶¶ 27, 28). Defendants also sell infringing clothing bearing two-dimensional artwork substantially similar to the Hawkins AV Club Work on their Amazon and Etsy shops. (Dkt. 1 at ¶¶ 30, 31, 62 and 63). These allegations are also supported by screenshots of Defendants' listings. (Dkt. 1 at ¶¶ 30, 31).

**III.   Argument And Citation To Authorities**

**A.    John Mills' Complaint States a Claim for Copyright Infringement**

1. Legal Standard for 12(b)(6)

To survive a motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "[A] well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and

unlikely.'" (*Twombly*, 550 U.S. at 544) (*citing Scheuer v. Rhodes*, 416 U.S. 232 (1974)). A claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." (*Twombly*, 550 U.S. at 555). "However, 'detailed factual allegations' are not required." (*Anthony v. Concrete Supply Co., Inc.*, 241 F. Supp. 3d 1342, 1344 (N.D. Ga. 2017)). "It is settled that 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely.'" (*Id.* (*citing Twombly*, 550 U.S. at 556)).

Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. (*See Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." (*Philips Med. Sys. Nederland B.V. v. TEC Holdings, Inc.,* No. 1:17-CV-02864-LMM, 2018 WL 2009430, at *9 (N.D. Ga. Mar. 14, 2018) (internal punctuation and citations omitted)).

Copyright cases are no different. In order to state a claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of the constituent elements of the copyrighted work that are original. (*TracFone Wireless, Inc. v. Zip Wireless Products, Inc.,* 716 F. Supp. 2d 1275, 1284

(N.D. Ga. 2010)).

2.  <u>John Mills has Stated Claims upon which Relief can be Granted</u>

Defendants argue that this Court should grant their Motion because the Complaint "merely state[s] conclusory allegations" (Dkt. 13 at 5-6) and fails "to allege any copying of Plaintiffs [*sic*] work by the Defendant [*sic*]." (Dkt. 13 at 6). Defendants are wrong. John Mills included specific, fact-based allegations regarding John Mills' ownership of the copyrights at issue, Defendants' access to the copyrighted works, and the substantial similarity between Defendants' products and John Mills' copyrighted designs. (Dkt. 1 at ¶¶ 18-19, 26-31). These allegations are sufficient to state a claim for copyright infringement. (*TracFone Wireless, Inc.,* 716 F.2d at 1284 (plaintiff's allegations of ownership of registered copyright and unauthorized reproduction sufficient to state a claim for copyright infringement)).

As Defendants acknowledge (Dkt. 13 at 6), the essential elements of copyright infringement are simple and straightforward: (1) ownership of a valid copyright and (2) that defendant copied the constituent elements of the copyrighted work that are original. (*See e.g., Original Appalachian Artworks, Inc. v. Toyloft, Inc.,* 684 F.2d 821, 829 (11th Cir. 1982)).

Defendants argue that John Mills, LLC "failed to allege facts sufficient to support its claim that Defendants copied . . . the copyrighted Work." (Dkt. 13 at 6).

In so arguing, Defendants fail to address what is missing; in other words, what else must a plaintiff allege to plead copying? To prove copying, a copyright plaintiff need only prove that "(1) the defendant had access to the work and (2) that the defendant's work is substantially similar to the plaintiff's." (*Original Appalachian Artworks*, 684 F.2d at 829). The Complaint states a claim for copying by Defendants because it included detailed factual allegations regarding both Defendants' access to the copyrighted works and the substantial similarity between Defendants' products and the copyrights.

For example, John Mills alleges that Defendants had access to the Schrute Farms and Hawkins AV Club Works when John Mills began selling clothing bearing the Works on its Amazon.com Storefront. (Dkt. 1 at ¶¶ 26, 29). John Mills also alleges that Defendants sell clothing bearing substantially similar artwork on their Amazon.com Storefront and Etsy Shop. (Dkt. 1 at ¶¶ 27, 28, 30, 31). The Complaint includes images comparing John Mills' products and Defendants' infringing products which demonstrate the substantial similarity between the products. Defendants' self-serving allegation that it has a license to the copyrights at issue (without including a copy of the license) go outside the Complaint and are not relevant to whether John Mills has stated a claim for copyright infringement. (*Philpot v. Emmis Operating Company*, No. 1:18-cv-816-RP (W.D. Tex. June 25,

2019) 2019 WL 5149863 at *4). Such claims are only relevant to whether Defendants have a meritorious defense, an issue that the Court does not reach on a motion to dismiss. (*Id.*).

Defendants rely on *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC,* 19-cv-80488-BLOOM/Reinhart, 2019 WL 3716775, *3 (S.D. Fla. August 7, 2019) to support their argument that John Mills' complaint does not allege any "copying act." (Dkt. 13 at 7). That reliance is misplaced. In *Affordable Aerial Photography*, the court acknowledged that proof of copying could be established by providing proof of access to the copyrighted work and substantial similarity. (No. 19-cv-80488-BLOOM/Reinhart, 2019 WL 3716775, *3 (S.D. Fla. August 7, 2019)). But, the court was unable to find allegations in the complaint that the defendant "had access to the copyrighted work." (*Id.*). In contrast, John Mills specifically alleged that Defendants had access to the Schrute Farms Work at least as early as January 10, 2018 when John Mills began selling clothing bearing the Schrute Farms Work on its Amazon.com Storefront (Dkt. 1 at ¶ 26) and that Defendants had access to the Hawkins AV Club Work at least as early as November 22, 2016 when John Mills began selling clothing bearing the Hawkins AV Club Work on its Amazon.com Storefront (Dkt. 1 at ¶ 29).

Defendants' claim that John Mills' Complaint allegations that Defendants

infringe by "producing, marketing and selling clothing bearing" the copyrighted works are insufficient because the terms "producing, marketing and selling are not terms present in the copyright statue" (Dkt. 13 at 7) misses the mark. The Copyright Act provides a cause of action for infringement against anyone who violates the exclusive rights set forth in 17 U.S.C. Section 106(a). (17 U.S.C. § 501). Those exclusive rights include the right of "reproduction" and "distribution." (17 U.S.C. § 106(a)). Obviously, "producing, marketing and selling" are synonyms for "reproduction" and "distribution." Defendants' failure to cite any copyright cases for its position that alleging "producing, marketing, and selling" instead of the terms "reproducing" and "distributing" demonstrates the fallacy of its argument.

John Mills' allegations exceed those of other copyright complaints found to state a claim upon which relief can be granted. For example, in *Philips Med. Sys. Nederland B.V. v. TEC Holdings, Inc.*, the court found plaintiffs' allegations that it is "the developer and owner of all rights, title, and interest in and to the copyright" and that defendants "engaged in copyright infringement by creating copies of [plaintiffs' materials] by its unauthorized use of the software" sufficient to state a claim. (No. 1:17-CV-02864-LMM, 2018 WL 2009430, at *9 (N.D. Ga. Mar. 14, 2018)). And in *TracFone Wireless, Inc. v. Zip Wireless Products, Inc.*, the court found plaintiff's allegations that defendants' "actions in improperly reflashing the

federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction of the TracFone Prepaid Software" sufficient to state a claim. (716 F. Supp. 2d 1275, 1284 (N.D. Ga. 2010)).

Here, as discussed above, John Mills, LLC alleges that Kyle Motola owns a federally registered copyright for the Schrute Farms Work (Dkt. 1 at ¶ 18; Dkt. 1-1) and that John Mills, LLC owns a federally registered copyright for the Hawkins AV Club Work (Dkt. 1 at ¶ 19; Dkt. 1-2). John Mills, LLC further alleges that Defendants had access to the Schrute Farms and Hawkins AV Club Works through John Mills, LLC's listings on its Amazon.com Storefront (Dkt. 1 at ¶¶ 26, 29), and that Defendants sell infringing clothing bearing artwork substantially similar to the Schrute Farms and Hawkins AV Club Works on their Amazon.com Storefront and Etsy Shop (Dkt. 1 at ¶¶ 27, 28, 30, 31). Accordingly, the Complaint states a claim for copyright infringement and Defendants' Motion (Dkt. 13) should be denied.

**B.    Injunctive Relief**

Defendants also move to strike Count IV of the Complaint (Dkt. 1 at ¶¶ 87-89) under Rule 12(f) of the Federal Rules of Civil Procedure. Count IV seeks injunctive relief to curtail further infringement. Defendants contend that Count IV is "redundant as it is already incorporated into Count I and Count II, and thus should be stricken under Rule 12(f)." (Dkt. 13 at 3). Defendants are wrong. Count IV should

not be dismissed as it is directly related to the subject matter of the litigation and in no way prejudices Defendants.

Defendants' only argument that Count IV should be stricken is that Counts I and II (Dkt. 1 at ¶¶ 59-78) incorporate Count IV (Dkt. 1 ¶¶ 87-89) by reference. (Dkt. 13 at 8-9). Defendants' reliance on *Billips v. NC Benco Steel, Inc.*, No. 5:10CV95-V, 2011 WL 4829401 (W.D.N.C. Oct. 12, 2011) and *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410948 at *2 (S.D. Fla., Nov. 6, 2012) to support their argument that an allegedly redundant Count should be stricken is misplaced and is easily distinguishable. (Dkt. 13 at 8). *Billips* makes clear that a Rule 12(f) motion is "a drastic remedy that is generally viewed with disfavor and granted only for egregious pleading violations." (2011 WL 4829401 at *1) (internal quotations and citations omitted)).

In order to prevail, Defendants must demonstrate that Count IV is prejudicial and that it has "no possible bearing upon the subject matter of the litigation." (*See Billips*, 2011 WL 4829401 at *1). In *Billips*, the court declined to entertain an action for declaratory judgment in connection with the plaintiff's other causes of action because the defendant would have had to separately address the declaratory judgment aspect of plaintiff's complaint in its pleadings, discovery, and dispositive motions. (2011 WL 4829401 at *2). In *Regions Bank*, the court struck the

defendant's amended answer where defendant attempted to raise two new affirmative defenses to an amended complaint that did not change the theory of the plaintiff's case. (2012 WL 5410948 at *3). In both *Billips* and *Regions*, the court reasoned that the moving parties would have been prejudiced if the motions to strike were not granted.

Here, on the other hand, Count IV is directly related to the subject matter of the litigation – specifically, preventing further immediate and irreparable damage to John Mills (Dkt. 1 at ¶¶ 88-89) – and Defendants cannot possibly be prejudiced by addressing a Count that they claim is redundant and, as such, would already be required to address. Accordingly, Count IV should not be stricken.

## III.   Conclusion

For the foregoing reasons, Plaintiffs John Mills, LLC and Kyle Motola respectfully request that the Court deny Defendants' Motion to Dismiss (Dkt. 13).

Respectfully submitted this 4th day of February, 2019.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Brian C. Huskey
Georgia Bar No. 543361

Kennington R. Groff
Georgia Bar No. 782901

3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Robin@Lilenfeld.com
BH@Lilenfeld.com
KG@Lilenfeld.com

*Attorneys for Plaintiffs John Mills, LLC and Kyle Motola*

## **CERTIFICATE OF COMPLIANCE WITH CIVIL LOCAL RULE 5.1(C)**

I hereby certify that the foregoing document is written in 14-point Times New

Roman font in accordance with Civil Local Rule 5.1(C).

*/s/ David M. Lilenfeld*
David M. Lilenfeld

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHN MILLS, LLC and | ) | |
| KYLE MOTOLA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-00275-RWS |
| | ) | |
| CHRISTOPHER GLEN FINLEY, | ) | |
| PAMELA MICHELLE FINLEY, and | ) | |
| ASHER'S ATTIC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, the foregoing PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was filed
electronically with the Court using the CM/ECF system, which action will cause
automatic electronic notification of the filing from the Court to be served upon the
following:

> Steven C. Stewart
> Steven Stewart, LLC
> 4490 Mariners Ridge
> Alpharetta, GA 30005
> *steven@stevenstewartpllc.onmicrosoft.com*

14

Dated: February 4, 2020

*/s/ David M. Lilenfeld*
David M. Lilenfeld