IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JOHN MILLS, LLC and )
KYLE MOTOLA, )
       )
     Plaintiffs, )
       )
v. )    Case No.: 2:19-cv-00275-RWS
       )
CHRISTOPHER GLEN FINLEY, )
PAMELA MICHELLE FINLEY, and )
ASHER'S ATTIC, LLC, )
       )
     Defendants. )
       )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

John Mills, LLC, Kyle Motola, Christopher Glen Finley, Pamela Michelle Finley, and Asher's Attic submit this Joint Preliminary Report and Discovery Plan.

     **1.**     **Description of Case:**

     (a)  Describe briefly the nature of this action.

This is an action for copyright infringement under 17 U.S.C. Sections 501, *et seq.* and tortious interference with business relations under Georgia law.

     (b)  Summarize, in the space provided below, the facts of this case.

   The summary should not be argumentative nor recite evidence.

1

Plaintiffs' Statement:

Plaintiffs allege that Defendants infringed their federally registered copyrights by selling clothing bearing artwork substantially similar to Plaintiffs' copyrighted art and then purposely interfered with Plaintiffs' business by filing false claims of copyright infringement against Plaintiff with Amazon.com.

On June 14, 2018, the Schrute Farms Work was registered with the United States Copyright Office under Registration No. VA 2-132-052, and on May 28, 2019, the Hawkins AV Club Work was registered with the United States Copyright Office under Registration No. VA 2-153-146.

John Mills, LLC operates an Amazon.com Storefront under the name PowerDealz. PowerDealz sells novelty clothing that is imprinted with custom designs. Defendants had access to the Schrute Farms Work at least through its appearance on PowerDealz on January 10, 2018, and Defendants had access to the Hawkins AV Club Work at least through its appearance on PowerDealz on November 22, 2016.

Defendant Christopher Finley operates an Amazon.com Storefront under the name Asher's Apparel, and Defendant Pamela Finley operates an Etsy Shop under the name Asher's Apparel Co. Defendants' Asher's Apparel Amazon.com Storefront and Defendants' Asher's Apparel Co. Esty Shop sell novelty clothing that

2

is imprinted with designs bearing two-dimensional artwork substantially similar to the Schrute Farms and Hawkins AV Club Works.

Defendants filed numerous false complaints of copyright infringement against PowerDealz with Amazon.com using numerous email accounts in which Defendants claimed to own the rights to the Schrute Farms Work.  These false complaints resulted in the removal of well over 200 of PowerDealz' listings and the loss of all potential revenue from those listings. At the time Plaintiffs filed the Complaint (Dkt. 1), Amazon.com had not restored any of PowerDealz' listings.

Defendants' Statement:

Defendants have alleged that Plaintiffs failed to recite the necessary elements of a copyright claim.  Alternatively and to the extent Plaintiffs recites a copyright claim, Defendants will allege that they did not infringe Plaintiffs copyrights as any artwork that allegedly infringe Plaintiff's copyrights were copied from third party artwork that was created prior to and independently of Plaintiff's works.

Defendant Christopher Finley operates an Amazon.com Storefront under the name Asher's Apparel, and Defendant Pamela Finley operates an Etsy Shop under the name Asher's Apparel Co.  Defendants will allege that they own a copyright to the Hawkins AV Club Work.

Defendants will allege that any clothing they sold in the past bearing artwork

3

is not substantially similar to Plaintiffs' art, and any such artwork was not obtained from Plaintiff but was obtained (under license) from a third party that was independently created without the benefit of Plaintiff's art. Defendant's will allege that such third party artwork was published by the third party years prior to the first date of publication listed in Plaintiff's copyright registrations.  Defendants will allege that they never purposely interfered with Plaintiffs' business and never filed false claims of copyright infringement against Plaintiff with Amazon.com.

Defendant will allege that, the Schrute Farms Work, United States Copyright Office Registration No. VA 2-132-052, and, the Hawkins AV Club Work, United States Copyright Office under Registration No. VA 2-153-146, were copied from artwork publicly available, were procured with fraudulent and deceptive intent, and are thus invalid.

Defendants will allege that Plaintiffs filed numerous false complaints of copyright infringement against Asher's Apparel with Amazon.com based on their fraudulently procured copyrights.  These false complaints resulted in the removal of the Defendants listings and the loss of all potential revenue from those listings.

Defendants have never alleged with Amazon that they owned the copyrights to Plaintiffs Schrute Farms Work or Hawkins AV Club Works.  The Defendant will allege that, the PowerDealz' listings with the Schrute Farms Work and Hawkins AV

4

Club works have been restored on Amazon.com.

(c)  The legal issues to be tried are as follows:

Plaintiffs contend the legal issues are as follows:

1) Whether Defendants' acts constitute copyright infringement.

2) Whether Defendants' acts constitute tortious interference with business relations.

3) Whether Defendants' false claims of copyright infringement with Amazon.com constitute misrepresentation under 17 U.S.C. Section 512(f).

4) Whether and what types of relief, including injunctive relief, Plaintiffs may be entitled to for any copyright infringement and/or tortious interference with business relations by Defendants.

Defendants contend the legal issues are as follows:

1. Whether Plaintiff stated a claim for copyright infringement.

2. Whether any of the Defendants committed an act that constituted copyright infringement of either of the Plaintiffs' copyright registrations that is not negated by such Defendants affirmative defenses, and what remedy, if any, should such Plaintiff be awarded for any such infringement.

3. Whether any of the Defendants made an improper act involving a false statement of copyright infringement that constituted tortious interference with

4844-0953-7460, v. 5

business relations of either of the Plaintiffs that is not negated by such Defendants affirmative defenses and what remedy, if any, should such Plaintiff be awarded against such Defendant for any such tortious interference.

4.     Whether any of the Defendants made a false statement of copyright infringement with Amazon.com that constituted misrepresentation under 17 U.S.C. Section 512(f) of either of the Plaintiffs that is not negated by such Defendants affirmative defenses and what remedy, if any, should such Plaintiff be awarded against such Defendant for any such alleged misrepresentation.

5.  Whether Plaintiffs' acts constitute tortious interference with business relations.

6.  Whether Plaintiffs' false claims of copyright infringement with Amazon.com constitute misrepresentation under 17 U.S.C. Section 512(f).

7.  Whether and what types of relief, including injunctive relief, Defendants may be entitled to for any tortious interference with business relations by Plaintiff's.

      a.   The cases listed below (include both style and action number) are:

    i.  Pending Related Cases:       None.

    ii.  Previously Adjudicated Related Cases:    None.

4844-0953-7460, v. 5

2. **This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_    (1)   Unusually large number of parties

\_\_\_\_\_    (2)   Unusually large number of claims or defenses

\_\_\_\_\_    (3)   Factual issues are exceptionally complex

\_\_\_\_\_    (4)   Greater than normal volume of evidence

\_\_\_\_\_    (5)   Extended discovery period is needed

\_\_\_\_\_    (6)   Problems locating or preserving evidence

\_\_\_\_\_    (7)   Pending parallel investigations or action by government

\_\_\_\_\_    (8)   Multiple use of experts

\_\_\_\_\_    (9)   Need for discovery outside United States boundaries

\_\_\_\_\_    (10) Existence of highly technical issues and proof

\_\_\_\_\_    (11) Unusually complex discovery of electronically stored information

3. **Counsel:  The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiffs:      David M. Lilenfeld (Georgia Bar No. 452399)
                 LILENFELD PC
                 3379 Peachtree Road NE, Suite 980
                 Atlanta, GA 30326
                 Telephone:  (404) 201-2520

7

Facsimile:   (404) 201-2520
Email:       David@Lilenfeld.com

Defendants:      Steven Stewart (Georgia Bar No. 719301)
STEVEN STEWART, LLC
4490 Mariners Ridge
Alpharetta, GA 30005
Telephone:  (206) 321-9072
Email:       steveniplaw@me.com

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

<u>X</u> Yes          ___No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

<u>Defendants' Statement:</u>

If the court dismisses the Plaintiff's counts 1, 2 and 4 of the complaint, then the remaining count does not involve a federal question and should be dismissed for lack of jurisdiction.

**5.      Parties to This Action:**

a.  The following persons are necessary parties who have not been joined:

8

The parties are not presently aware of any necessary parties who have not been joined.

    b.   The following persons are improperly joined as parties:

The parties are not presently aware of that any person has been improperly joined as a party.

    c.   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The parties are not presently aware that the name of any party has been inaccurately stated or omitted.

    d.   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    a.   List separately any amendments to the pleadings that the parties anticipate will be necessary:

4844-0953-7460, v. 5

Plaintiffs anticipate filing a Motion to Amend the Complaint to add a count for misrepresentation under 17 U.S.C. Section 512(f). Defendants filed a Motion to Dismiss (Dkt. 13) on January 21, 2020, and the Court has not yet ruled on that Motion. The Parties have agreed as follows:

(1)     If the Court dismisses the Complaint, Defendants will not consent to Plaintiffs' Motion to Amend the Complaint to add a count for misrepresentation under 17 U.S.C. Section 512(f).

(2)     If the Court does not dismiss the Complaint or allows Plaintiffs leave to amend the Complaint, Defendants will consent to Plaintiffs' Motion to Amend the Complaint to add a count for misrepresentation under 17 U.S.C. Section 512(f).

b.   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.  Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set

4844-0953-7460, v. 5

specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a.   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

b.   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c.   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d.   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored

information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The Parties agree that they will produce an initial round of documents identified in the Initial Disclosures and currently in counsel's possession when they serve their Initial Disclosures.

Plaintiffs' Statement

Plaintiffs contend that because Defendants appeared in this case by filing their Motion to Dismiss (Dkt. 13) on January 21, 2020, the deadline for the Parties to serve initial disclosures pursuant to Local Rule 26.1 was February 20, 2020. Defendants requested an extension of time, and Plaintiffs proposed extending the deadline until February 27, 2020. However, after conferring in good faith, the Parties were unable to reach an agreement. Plaintiffs contend that the Parties should serve initial disclosures pursuant to the Local Rules which require Initial Disclosures to be served "at or within thirty (30) days after the appearance of a defendant by answer *or motion*." (Local Rule 26.1 (emphasis added)).

Defendants' Statement

Defendants' have filed a Motion to Dismiss all claims in this action pursuant to FRCP Rule 12(b)(6) that has not been ruled on. To avoid potentially unnecessary litigation costs by preparing and serving initial

disclosures that may be rendered moot by this court's ruling, Defendants contend that each party serve the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1 on or before thirty (30) days after the after service of notice of this Court's ruling on the Motion to Dismiss.

9.      **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

At this time, the parties do not request a scheduling conference with the Court.

**10.   Discovery Period:   The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained

in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- Plaintiffs' original Work and basis to obtain their copyright registrations;

- Plaintiffs' copyright infringement claims;

- Plaintiffs' tortious interference claims;

- Defendants' use of Plaintiffs' copyrighted materials;

- Defendants' notices of copyright infringement filed against Plaintiffs' PowerDealz' Amazon.com Storefront;

- Defendants' affirmative defenses;

- Defendants' profits;

- Defendants' damages;

- Plaintiffs' notices of copyright infringement filed against Defendants' Asher's Apparel Amazon.com Storefront;

- Plaintiffs' costs, sales, and online listing history;

- Defendants' tortious interference claims;

- Plaintiffs' damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Not applicable.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

X        Yes                                No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations,

15

or key witnesses) as follows:

The Parties have discussed the potential production of electronically stored information and will attempt to reach agreement, as needed, on any appropriate limitations during discovery.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree that the discovery and disclosure of electronic discovery will be handled as follows:  ESI and non-ESI shall be produced to the requesting party as a PDF.  When a PDF file is produced, the producing party must maintain the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata and, where applicable, the revision history.  The only responsive documents that should be produced initially in native format are files not easily converted to image format, such as Excel spreadsheets and Access files.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

16

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties plan to seek approval of a stipulated protective order.

**13.     Settlement Potential:**

a.     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 11, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs:          Lead counsel (signature): */s/ David M. Lilenfeld*

Other participants:  Brian C. Huskey

For Defendants:          Lead counsel (signature): */s/ Steven Stewart*

b.     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X) A possibility of settlement before discovery.

(X) A possibility of settlement after discovery.

(      ) A possibility of settlement, but a conference with the judge is needed.

(        ) No possibility of settlement.

c.     Counsel (X) do ~~or ()  do  not~~ intend to hold additional settlement conferences among themselves prior to the close of discovery.

The proposed date of the next settlement conference is  N/A.

d.     The following specific problems have created a hindrance to settlement of this case.

**14.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

a.     The parties (     ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge.  Form has been submitted to the clerk of court this __ day of 2020.

b.     The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Counsel for Plaintiffs

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
3379 Peachtree Road NE,
Suite 980
Atlanta, GA 30326
(404) 201-2520
David@Lilenfeld.com
Robin@Lilenfeld.com

Counsel for Defendants

**STEVEN STEWART, LLC**

/Steven C. Stewart/
Georgia Bar No. 719301
4490 Mariners Ridge
Alpharetta, GA 30005
(206) 321-9072
steveniplaw@me.com

4844-0953-7460, v. 5

* * * * * * * * * * *

## [PLAINTIFFS' PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this ___ day of _____, 2020.

_____
THE HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4844-0953-7460, v. 5

* * * * * * * * * * *

## [DEFENDANTS' PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The last date for the Parties to serve Initial Disclosures pursuant to FRCP Rule 26(a)(1), be continued until thirty (30) days following service of notice of this Court's ruling on the Motion to Dismiss.

IT IS SO ORDERED, this ___ day of _____, 2020.

_____
THE HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4844-0953-7460, v. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JOHN MILLS, LLC and )
KYLE MOTOLA, )
)
    Plaintiffs, )
)
v. )    Case No.: 2:19-cv-00275-RWS
)
CHRISTOPHER GLEN FINLEY, )
PAMELA MICHELLE FINLEY, and )
ASHER'S ATTIC, LLC, )
)
    Defendants. )
_____ )

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, the foregoing JOINT

PRELIMINARY REPORT AND DISCOVERY PLAN was filed electronically with

the Court using the CM/ECF system, which action will cause automatic electronic

notification of the filing from the Court to be served upon the following:

> Steven C. Stewart
> Steven Stewart, LLC
> 4490 Mariners Ridge
> Alpharetta, GA 30005
> *steveniplaw@me.com*

Dated: February 28, 2020
*/s/ David M. Lilenfeld*
David M. Lilenfeld

4844-0953-7460, v. 5