IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JOHN MILLS, LLC and<br>KYLE MOTOLA<br>　　　　Plaintiffs,<br>　　　v.<br>CHRISTOPHER GLEN FINLEY,<br>PAMELA MICHELLE FINLEY, and<br>ASHER'S ATTIC, LLC,<br>　　　　Defendants. | Civil Action No.<br>2:19-CV-00275-RWS |

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss. [Dkt. 13]. After reviewing the record, the Court enters the following Order.

## BACKGROUND

This case follows an allegation of copyright infringement by Plaintiffs John Mills, LLC and Kyle Motola against Defendants Christopher Glen Finley, Pamela Michelle Finley, and Asher's Attic, LLC for infringing Plaintiffs' copyright of two graphics, "Schrute Farms" and "Hawkins AV Club."

Plaintiff John Mills, LLC is a screen-printing business, specializing in custom clothing. [Compl. Dkt. 1 at ¶¶ 15–17]. Plaintiff John Mills, LLC registered

artwork, "Hawkins AV Club," with the United States Copyright Office. Id. at ¶19. Plaintiff Kyle Motola registered artwork, "Schrute Farms," with the same office. Id. at ¶ 18. Plaintiffs sell apparel bearing the copyrighted works on their Amazon.com storefront, PowerDealz. Id. at ¶ 20.

Defendants gained access to Plaintiffs' "Schrute Farms" artwork through Plaintiffs' PowerDealz storefront as of January 2018. Id. at ¶ 26. The apparel sold on PowerDealz displays the two-dimensional graphic. Defendants began selling apparel bearing substantially similar artwork on Defendants' Amazon.com and Etsy storefronts. Id. at ¶¶ 27–28.

Defendants also gained access to Plaintiffs' "Hawkins AV Club" work through Plaintiffs' PowerDealz storefront as of November 2016. Id. at ¶ 29. Again, the two-dimensional graphic is featured on the storefront. Defendants began selling apparel bearing substantially similar artwork on the Asher's Apparel storefronts owned by Defendants on Amazon.com and Etsy. Id. at ¶¶ 30–31.

Plaintiffs subsequently brought this suit of copyright infringement under 17 U.S.C. § 501 for violation of Plaintiffs' two mentioned copyrighted works. Id. at ¶¶ 60, 70. Plaintiffs allege Defendants infringed the copyright in the "Schrute Farms" and Hawkins AV Club" works by producing, marketing, and selling clothing bearing the two graphics owned by Plaintiffs. Id. at ¶ 61–63, 71 –73.  Plaintiffs

request injunctive relief under 17 U.S.C. § 502, an order impounding the infringing materials under 17 U.S.C. § 503, and damages under 17 U.S. C. § 504. Id. at ¶¶ 66–67, 76–77.

Now, Defendants move to dismiss for failure to state a claim.

## DISCUSSION

### I.  Legal Standard

Here, the Defendants move to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive the motion, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face such that the defendant may be liable for the misconduct alleged. Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, 942 F.3d 1200, 1206 (11th Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the complaint standard does not require "detailed factual allegations," a recitation of the elements and legal conclusions will not suffice. Iqbal, 556 U.S. at 678. While considering a motion to dismiss, the Court will review factual allegations in the complaint in the light most favorable to the plaintiff. Id.

### II.  Analysis

Establishing a claim of copyright infringement requires "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are

original." Roberts v. Gordy, 877 F.3d 1024, 1028 (11th Cir. 2017). Defendants do not contest the first element; rather, they argue first that Plaintiffs have not properly alleged copying of Plaintiffs' original work, and second that Defendants' alleged license absolves their liability. The Court disagrees with Defendants' arguments for the following reasons.

### A.  Copying Allegation

The second element of copyright infringement can be demonstrated with either "direct proof of copying" or, "if direct proof is unavailable, by demonstrating (1) that the defendants had access to the copyrighted work and (2) that the produced works are 'substantially similar.'" Home Design Servs., Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314, 1321 (11th Cir. 2016) (numbers added). Accordingly, at the motion to dismiss stage, a plaintiff may fulfill the second element by pleading enough facts to demonstrate a defendant's potential access to and production of substantially similar works. Defendants argue that Plaintiffs do not properly plead the second element because they do not allege "direct proof of copying," however, "direct proof of copying" is not the only way to allege copyright infringement. Id. In neglecting the "substantially similar"

interpretation, Defendants have conflated failing to allege direct copying with failing the second prong as a whole.[1] This is incorrect.

Here, Plaintiffs properly allege both access and substantial similarity, fulfilling the requirements of copyright infringement's second element. Plaintiffs claim Defendants had *access* to Plaintiffs' copyrighted work, "Schrute Farms," through Plaintiffs' Amazon Storefront. [Compl. Dkt. 1 at ¶ 26]. They also allege Defendants produced and sold a *substantially similar* work product for their own Amazon Storefront and Etsy Shop. Id. at ¶¶ 27–28. Next, they complain Defendants had similar access to Plaintiffs' copyrighted work, "Hawkins AV Club," through Plaintiffs' Amazon Storefront. Id. at ¶ 29. Then, they allege Defendants produced and sold a substantially similar work on the same previously mentioned storefronts. Id. at ¶ 30 – 31. By alleging both (1) access and (2) substantially similar products, Plaintiffs have properly plead the second element of copyright infringement. Therefore, thus far, Plaintiffs have properly pled their claim. See, e.g., Phillips Med. Sys. Nederland B.V., v. TEC Holdings, Inc., 2018 WL 2009430, at *9 (N.D. Ga. Mar. 14, 2018) (plaintiffs met the pleading standard

---

[1] Defendants cite Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC as support that a complaint that "does not identify any copying act" is insufficient. 2013 WL 11522047, at *4 (S.D. Fla. Oct. 9, 2013). However, the Affordable Aerial court goes on to address the "substantially similar" prong that Defendant has ignored and so ultimately supports Plaintiffs' position. Id.

5

by alleging defendants had access and created copies of an original product); TracFone Wireless, Inc. v. Zip Wireless Products, Inc., 716 F. Supp. 2d 1275, 1284 (N.D. Ga. 2010) (plaintiffs alleging defendants were "reflashing... copyrighted software" met the standard for pleading copyright infringement).

That being the case, Defendants incorrectly argue that Plaintiffs have used insufficient terms to allege Defendants' acts of copyright infringement. Under § 17 U.S.C. 106, an owner of a copyright has the exclusive right to "reproduce" and "distribute" her copyright. Because Plaintiffs use the terms "producing," "marketing," and "selling," Defendants argue that Plaintiffs used the wrong terms to plead copyright infringement.

Clearly, as Plaintiffs note, the words "producing," marketing," and "selling" are direct synonyms for "reproduce" and "distribute." Courts have repeatedly recognized these terms suffice for pleading copyright infringement. See, e.g., Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 825 (11th Cir. 1982) (where the alleged copyright dolls were "*produced* and *sold*" were evidence of copying in violation of plaintiff's copyright (emphasis added)); Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1371 (N.D. Ga. 2009) (where defendant was "*selling*" an exact replica of plaintiff's product

such that it established copying (emphasis added)). For this reason, Defendants' argument has missed the mark.

### B.   License Defense

Next, Defendants' argument that they owned a license for the design used is inappropriate at this stage of litigation. Defendants allege they acquired a license before Plaintiffs' publication date. Defendants' claim is not only unsubstantiated—they have not produced the alleged license—but more importantly, the Court will not consider defenses on a motion to dismiss. See Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP, 609 F. App'x 972, 976 (11th Cir. 2015) (quoting Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), en banc reh'g, 764 F.2d 1400 (11th Cir.1985) (per curiam) ("[G]enerally, the existence of an affirmative defense will not support a motion to dismiss")).

Although a complaint may be dismissed if an affirmative defense "clearly appears on the face of the complaint," that is not the case here. Quiller, 727 F.2d at 1068. Plaintiffs do not reference any license owned by Defendants that could absolve their liability. Therefore, the Court will not consider Defendants' license.

Accordingly, the Motion to Dismiss is **DENIED**.[2]

---

[2] Defendants also asked the Court to dismiss Plaintiffs' state law claim for lack of supplemental jurisdiction. Given the Court's determination that the federal claims will not be dismissed, the Court need not address this argument.

### III. Motion to Strike

Finally, the Defendants have alternatively asked the Court to strike Plaintiffs' claim for injunctive relief as redundant. The Court finds that Defendants have not met the high standard required to grant a motion to strike in this case. While a court may strike a pleading as redundant or immaterial under F.R.C.P 12(f), courts have maintained "that motions to strike are not favored and are, therefore, infrequently granted." United States ex rel. Dildine v. Pandya, 389 F.Supp.3d 1214, 1219 (N.D. Ga 2019). As Plaintiffs note, a matter should not be stricken "unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Id. Plaintiffs' requested injunction is plainly related to the copyright infringement claims, and the Court sees no need to rewrite Plaintiffs' pleadings. Therefore, the Defendants' Motion to Strike is **DENIED**.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and Motion to Strike [Dkt. 13] are **DENIED**.

**SO ORDERED** this 14th day of April, 2020.

_____
**RICHARD W. STORY**
United States District Judge