IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHN MILLS, LLC and<br>KYLE MOTOLA,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER GLEN FINLEY,<br>PAMELA MICHELLE FINLEY, and<br>ASHER'S ATTIC, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:19-cv-00275-RWS |

## **KYLE MOTOLA'S ANSWER TO COUNTERCLAIM**

Plaintiff Kyle Motola ("Mr. Motola") files this Answer to Defendant Asher's Attic, LLC's ("Defendant) Counterclaim (Dkt. 26) as follows:

Affirmative Defenses

1.

The Counterclaim fails to state a claim for which relief can be granted.

2.

The Counterclaim is barred by the doctrine of unclean hands.

3.

The Counterclaim is barred because Mr. Motola acted in good faith to protect Plaintiffs' financial interest.

Reply to Counterclaim

1.

Mr. Motola denies the allegations of Paragraph 1.

2.

Mr. Motola admits that Asher's Attic LLC is a limited liability company organized under the laws of Georgia with a principal place of business at 6420 Boulder Ridge, Cumming, Georgia 30028.

3.

Mr. Motola admits that he is an individual residing in the State of Oregon. Mr. Motola further admits that he is the Director of Marketing and Operations for John Mills, LLC.

4.

Mr. Motola does not dispute that this Court has subject matter jurisdiction over counterclaims raised by any Defendant in this matter but Mr. Motola disputes that Defendant Asher's Attic has stated a claim giving rise to tortious interference.

5.

Mr. Motola does not dispute this Court's exercise of personal jurisdiction as to him in this case.

6.

Mr. Motola does not dispute that venue is proper herein.

7.

Mr. Motola admits that Asher's Attic sells clothing, including hoodies, sweatshirts, t shirts and tank tops. Mr. Motola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7; and therefore, those allegations are denied.

8.

Mr. Motola admits that he obtained Copyright Registration No. VA2-132-052 on or about June 14, 2018. Mr. Motola denies any allegation contained in Paragraph 8 that Copyright Registration No. VA2-132-052 is invalid. Mr. Motola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8; and therefore, those allegations are denied.

9.

Mr. Motola denies any intimation contained in Paragraph 9 that Copyright Registration No. VA2-132-052 is invalid. Mr. Motola lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 9; and therefore, those allegations are denied.

10.

Mr. Motola denies any intimation contained in Paragraph 10 that Copyright Registration No. VA2-132-052 is invalid. Mr. Motola admits that he did not disclose the artwork that is alleged to be depicted in the unauthenticated Exhibit A of

Defendant's Counterclaim. Mr. Motola avers that he did not have knowledge of the alleged "Public Artwork" referenced in Paragraph 10 of Defendant's Counterclaim and therefore had not duty to inform the U.S. Copyright Office of such alleged artwork.

11.

Mr. Motola denies the allegations of Paragraph 11.

12.

Mr. Motola admits that Robert Daddario filed complaints of copyright infringement against Asher's Attic based on Asher's Attic's infringement of Mr. Motola's Copyright Registration. Mr. Motola denies that any such complaints were "false." Mr. Motola denies any and all remaining allegations of Paragraph 12.

13.

Mr. Motola denies that any copyright complaint based on the Copyright Registration No. VA2-132-052 was false. Mr. Motola, believes that Amazon.com may have removed some of Asher Attic's infringing listings but is without knowledge or information sufficient to form a belief as to the truth of the allegation as such information is within Asher Attic's control. Mr. Motola denies any remaining allegations of Paragraph 13.

14.

Mr. Motola denies that any copyright complaint submitted on behalf of John Mills and/or Mr. Motola to Amazon based on Copyright Registration No. VA2-132-052 was false. Mr. Motola is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14; and therefore, those allegations are denied.

15.

Mr. Motola denies that any copyright complaint submitted on behalf of John Mills and/or Mr. Motola to Amazon based on Copyright Registration No. VA2-132-052 was false.  Mr. Motola is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15; and therefore, those allegations are denied.

<u>Count I – Tortious Interference with Business Relations</u>

16.

Mr. Motola repeats, realleges, and fully incorporates all preceding paragraphs as if set forth fully herein.

17.

Mr. Motola is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 17; and therefore, those allegations are denied.

18.

Mr. Motola is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 18; and therefore, those allegations are denied.

19.

Mr. Motola denies the allegations of Paragraph 19.

20.

Mr. Motola denies the allegations of Paragraph 20.

21.

Mr. Motola denies the allegations of Paragraph 21.

22.

Mr. Motola denies the allegations of Paragraph 22.

23.

Mr. Motola denies the allegations of Paragraph 23.

24.

Mr. Motola denies the allegations of Paragraph 24.

## Jury Demand

25.

Mr. Motola demands a trial by jury on all issues in all pleadings which are so triable.

26.

Mr. Motola denies that Asher's Attic is entitled to any of the relief that it has requested.

27.

WHEREFORE, Mr. Motola requests that Asher Attic's Counterclaim be dismissed, with all costs cast upon Asher's Attic, for an award of Mr. Motola's attorneys' fees incurred in defending this action, and for such other relief as justified and allowed by the evidence, as may be deemed appropriate by the Court.

Respectfully submitted this 21st day of May, 2020.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kennington R. Groff
Georgia Bar No. 782901

3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Robin@Lilenfeld.com
BH@Lilenfeld.com
KG@Lilenfeld.com

*Attorneys for Plaintiffs John Mills, LLC and Kyle Motola*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JOHN MILLS, LLC and KYLE MOTOLA,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER GLEN FINLEY, PAMELA MICHELLE FINLEY, and ASHER'S ATTIC, LLC,<br><br>    Defendants. | Case No.: 2:19-cv-00275-RWS |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020, the foregoing PLAINTIFFS' ANSWER TO COUNTERCLAIM was filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon the following:

Steven C. Stewart
Steven Stewart, LLC
4490 Mariners Ridge
Alpharetta, GA 30005
steven@stevenstewartpllc.onmicrosoft.com

Dated: May 21, 2020

*/s/ David M. Lilenfeld*
David M. Lilenfeld