IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JOHN MILLS, LLC and )
KYLE MOTOLA, )
 )
    Plaintiffs, )
 )
v. )    Case No.: 2:19-cv-275-RWS
 )
CHRISTOPHER GLEN FINLEY, )
PAMELA MICHELLE FINLEY, and )
ASHER'S ATTIC, LLC, )
 )
    Defendants. )
_____ )

## AMENDED COMPLAINT

John Mills, LLC and Kyle Motola file this Complaint against Christopher Glen Finley, Pamela Michelle Finley, and Asher's Attic, LLC (collectively the "Defendants") pursuant to Federal Rule of Civil Procedure 15(a)(2) with Defendants' consent as follows:

### Introduction

1.

Defendants are infringing Plaintiffs' copyrights by selling goods with copycat designs *and* are impersonating multiple individuals and entities – even Plaintiffs themselves – to file false claims of copyright infringement against Plaintiffs as part

of a deliberate, ongoing campaign to destroy Plaintiffs' business.

## **Plaintiffs**

2.

Plaintiff John Mills, LLC is a limited liability company organized under the laws of the State of Oregon with its principal place of business at 1319 SE MLK Boulevard #170, Portland, Oregon 97214.

3.

Plaintiff Kyle Motola is an individual and a resident of the State of Oregon. Kyle Motola is Director of Marketing and Operations of John Mills, LLC.

## **Defendants**

4.

Defendant Christopher Finley is an individual and a resident of the State of Georgia.  Christopher Finley is Co-Owner of Asher's Attic, LLC.

5.

Defendant Christopher Finley can be served with process at his residence in Forsyth County at 6420 Boulder Ridge, Cumming, Georgia 30028.

6.

Defendant Pamela Finley is an individual and a resident of the State of Georgia.  Pamela Finley is Co-Owner of Asher's Attic, LLC.

7.

Defendant Pamela Finley can be served with process at her residence in Forsyth County at 6420 Boulder Ridge, Cumming, Georgia 30028.

8.

Defendant Asher's Attic, LLC is a limited liability company organized under the laws of the State of Georgia with its principal place of business at 6420 Boulder Ridge, Cumming, Georgia 30028.

9.

Defendant Asher's Attic, LLC can be served with process upon its registered agent, Christopher Finley, at 3055 Kentmere Drive, Cumming, Georgia 30040.

**<u>Subject Matter Jurisdiction</u>**

10.

The Court has subject matter jurisdiction over Counts I (copyright infringement) as well as Count II (Misrepresentation under 17 U.S.C. § 512(f)) under 28 U.S.C. Sections 1331 (federal question jurisdiction) and 1338(a) (action arising under the Copyright Act) because they arise under the Copyright Act (17 U.S.C. Section 101, *et seq.*).  The Court has supplemental jurisdiction over the state law claims in Count III (tortious interference with business relations) under 28 U.S.C. Section 1367.

## Personal Jurisdiction

11.

This Court has personal jurisdiction over Christopher Finley because he resides in Forsyth County, which is within this judicial district and the claims against him arise out of his actions within this judicial district.

12.

This Court has personal jurisdiction over Pamela Finley because she resides in Forsyth County, which is within this judicial district and the claims against her arise out of her actions within this judicial district.

13.

This Court has personal jurisdiction over Asher's Attic, LLC because Asher's Attic, LLC is a Georgia resident, its registered agent's office and principal place of business are within this judicial district, and the claims against it arise out of its actions within this judicial district.

## Venue

14.

Venue is proper here under 28 U.S.C. Section 1391(b)(1) because all Defendants reside within this judicial district.  Venue is also proper here under 28 U.S.C. Section 1391(b)(2) because a substantial part of Defendants' wrongful

conduct occurred in this judicial district. Specifically, Defendants have manufactured, advertised, offered for sale, and sold goods that infringe Plaintiffs' copyrights and tortiously interfered with Plaintiffs' current and prospective business relations from within this judicial district.

## Facts

### John Mills, LLC

### 15.

John Mills, LLC is a full-service professional screen printing business specializing in the design and production of custom apparel.

### 16.

John Mills, LLC offers custom graphic design and cutting edge printing services.

### 17.

John Mills, LLC produces a wide variety of clothing including, but not limited to, hoodies, sweatshirts, t-shirts and tank tops bearing various copyrighted art.

### Kyle Motola's Copyright

### 18.

On June 14, 2018, Kyle Motola's two-dimensional artwork Schrute Farms Bed & Breakfast (the "Schrute Farms Work," shown below) was registered with the

United States Copyright Office under Registration No. VA 2-132-052 (Exhibit A).



John Mills, LLC's Copyright

19.

On May 28, 2019, John Mills, LLC's two-dimensional artwork Hawkins av club (the "Hawkins AV Club Work," shown below) was registered with the United States Copyright Office under Registration No. VA 2-153-146 (Exhibit B).



<u>The Parties' Competing Web Stores</u>

20.

John Mills, LLC operates an Amazon.com Storefront under the name
PowerDealz < https://amzn.to/37HIbxS>.

21.

PowerDealz sells novelty clothing that is imprinted with custom designs.

22.

Defendant Christopher Finley operates an Amazon.com Storefront under the
name Asher's Apparel < https://amzn.to/2OlHrXm >.

23.

Defendants' Asher's Apparel Amazon.com Storefront sells novelty clothing that is imprinted with copycat designs.

24.

Defendant Pamela Finley operates an Etsy Shop under the name Asher's Apparel Co. <www.etsy.com/shop/AshersApparelCo>.

25.

Defendants' Asher's Apparel Co. Esty Shop sells novelty clothing that is imprinted with copycat designs.

<u>Defendants' Schrute Farms Apparel</u>

26.

The Schrute Farms Work appeared on Plaintiffs' popular PowerDealz Amazon Storefront on January 10, 2018.

27.

Defendants sell clothing through their Asher's Apparel Amazon Storefront bearing two-dimensional artwork substantially similar to the Schrute Farms Work in multiple styles and colors including, but not limited to, the representative listing shown below:



28.

Defendants sell clothing through their Asher's Apparel Co. Etsy Shop bearing two-dimensional artwork substantially similar to the Schrute Farms Work in multiple styles and colors including, but not limited to, the representative listing shown below:



<u>Defendants' Infringement of the Hawkins AV Club Work</u>

29.

Defendants had access to the Hawkins AV Club Work at least through its appearance on Plaintiffs' popular PowerDealz Amazon Storefront on November 22, 2016.

30.

Defendants sell infringing clothing through their Asher's Apparel Amazon Storefront bearing two-dimensional artwork substantially similar to the Hawkins AV Club Work in multiple styles and colors including, but not limited to, the representative listing shown below:



31.

Defendants sell infringing clothing through their Asher's Apparel Co. Etsy Shop bearing two-dimensional artwork substantially similar to the Hawkins AV Club Work in multiple styles and colors including, but not limited to, the representative listing shown below:



<u>Defendants' False Claims of Copyright Infringement</u>

32.

At least as early as October 2018, Defendant Christopher Finley began filing false complaints of copyright infringement against PowerDealz with Amazon.com regarding the Schrute Farms Work.

33.

Defendant Christopher Finley does not own a copyright for the Schrute Farms Work. Defendant Asher's Attic does not own a copyright for the Schrute Farms work.

34.

Defendant Christopher Finley knew that he does not own a copyright for the

Schrute Farms Work. Defendant Asher's Attic knew that it does not own a copyright for the Schrute Farms Work.

35.

On October 29, 2018, Defendant Christopher Finley, acting personally and on behalf of Asher's Attic, filed Amazon Complaint ID 5464777231 against PowerDealz for alleged copyright infringement using the email address 19glen79@gmail.com in which he claimed to own the rights to the Schrute Farms Work.

36.

Amazon Complaint ID 5464777231 was not accompanied by any copyright registration or other evidence to support Defendant Christopher Finley's allegations.

37.

Defendants Christopher Finley and Asher's Attic knew the allegations of copyright infringement in Amazon Complaint ID 5464777231 were false.

38.

As a result of Amazon Complaint ID 5464777231, Amazon.com removed over 10 PowerDealz listings.

39.

As a result of Amazon Complaint ID 5464777231, PowerDealz lost potential

revenue from those listings.

40.

The listings that Amazon.com removed as a result of Amazon Complaint ID 5464777231 were ultimately restored after lengthy communications with Amazon.com and at significant cost to Plaintiffs.

41.

On November 4, 2018, Defendant Christopher Finley, acting personally and on behalf of Asher's Attic, filed Amazon Complaint ID 5492657941 against PowerDealz for alleged copyright infringement using the email address 19glen79@gmail.com in which he claimed to own the rights to the Schrute Farms Work.

42.

Amazon Complaint ID 5492657941 was not accompanied by any copyright registration or other evidence to support Defendant Christopher Finley's allegations.

43.

Defendants Christopher Finley and Asher's Attic knew the allegations of copyright infringement in Amazon Complaint ID 5492657941 were false.

44.

As a result of Amazon Complaint ID 5492657941, Amazon.com removed

over 15 PowerDealz listings.

45.

As a result of Amazon Complaint ID 5492657941, PowerDealz lost potential revenue from those listings.

46.

As of November 27, 2019, when Plaintiffs filed their initial Complaint (Dkt. 1), Amazon.com had not restored any of the listings it removed as a result of Amazon Complaint ID 5492657941.

47.

The listings that Amazon.com removed as a result of Amazon Complaint ID 5492657941 were ultimately restored after lengthy communications with Amazon.com and at significant cost to Plaintiffs.

48.

On June 10, 2019, Defendant Christopher Finley, acting personally and on behalf of Asher's Attic, filed Amazon Complaint ID 61155187961 against PowerDealz for alleged copyright infringement posing as Kyle Motola of Prints On Tap using the email address printsontappdx@gmail.com in which he claimed to own the rights to the Schrute Farms Work.

49.

Amazon Complaint ID 61155187961 was not accompanied by any copyright registration or other evidence to support Defendant Christopher Finley's allegations.

50.

Defendants Christopher Finley and Asher's Attic knew the allegations of copyright infringement in Amazon Complaint ID 61155187961 were false.

51.

As a result of Amazon Complaint ID 61155187961, Plaintiffs were forced to file a DMCA counternotice against themselves.

52.

As a result of Amazon Complaint ID 61155187961, Amazon.com removed over 30 PowerDealz listings.

53.

As a result of Amazon Complaint ID 61155187961, PowerDealz lost potential revenue from those listings.

54.

The listings that Amazon.com removed as a result of Amazon Complaint ID 61155187961 were ultimately restored after lengthy communications with Amazon.com and at significant cost to Plaintiffs.

55.

On November 4, 2019, Defendant Christopher Finley, acting personally and on behalf of Asher's Attic, filed Amazon Complaint ID 6565865541 against PowerDealz for alleged copyright infringement posing as Plaintiff Kyle Motola using the email address glennicely79@gmail.com in which he claimed to own the rights to the Schrute Farms Work.

56.

Amazon Complaint ID 6565865541 was not accompanied by any copyright registration or other evidence to support Defendant Christopher Finley's allegations.

57.

Defendants Christopher Finley and Asher's Attic knew the allegations of copyright infringement in Amazon Complaint ID 6565865541 were false.

58.

As a result of Amazon Complaint ID 6565865541, Amazon.com removed one PowerDealz listing.

59.

As a result of Amazon Complaint ID 6565865541, PowerDealz has lost all potential revenue from that listing since November 4, 2019.

60.

The listings that Amazon.com removed as a result of Amazon Complaint ID 6565865541 were ultimately restored after lengthy communications with Amazon.com and at significant cost to Plaintiffs.

61.

On November 18, 2019, Defendant Christopher Finley, acting personally and on behalf of Asher's Attic, filed Amazon Complaint ID 6565862291 against PowerDealz for alleged copyright infringement posing as Schrute Farms using the email glennicely79@gmail.com in which he claimed to own the rights to the Schrute Farms Work.

62.

Amazon Complaint ID 6565862291 was not accompanied by any copyright registration or other evidence to support Defendant Christopher Finley's allegations.

63.

Defendants Christopher Finley and Asher's Attic knew the allegations of copyright infringement in Amazon Complaint ID 6565862291 were false.

64.

As a result of Amazon Complaint ID 6565862291, Amazon.com removed over 180 PowerDealz listings.

65.

As a result of Amazon Complaint ID 6565862291, PowerDealz has lost potential revenue from those listings.

66.

The listings that Amazon.com removed as a result of Amazon Complaint ID 6565862291 were ultimately restored after lengthy communications with Amazon.com and at significant cost to Plaintiffs.

**Count I – Copyright Infringement (Hawkins AV Club Work)**

67.

Plaintiffs repeat and incorporate into Count I paragraphs 1 through 66 above and 78 through 97 below with the same force and effect as if again set forth fully herein.

68.

Relief is sought for copyright infringement under 17 U.S.C. Section 501, *et seq*.

69.

John Mills, LLC is the owner of the two-dimensional artwork Hawkins AV Club and of the corresponding copyrights and Certificates of Registration (VA 2-153-146).

70.

Defendants have infringed the copyright in the Hawkins AV Club Work by producing, marketing, and selling clothing bearing the Hawkins AV Club Work on Amazon.com.

71.

Defendants have infringed the copyright in the Hawkins AV Club Work by producing, marketing, and selling clothing bearing the Hawkins AV Club Work on Etsy.com.

72.

Defendants' infringement is ongoing.

73.

At a minimum, Defendants acted with willful blindness to and in reckless disregard of John Mills, LLC's copyright.

74.

As a result of their wrongful conduct, Defendants are liable to Plaintiffs for copyright infringement and Plaintiffs are entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct under 17 U.S.C. § 504.

75.

Plaintiffs are also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) John Mills, LLC's copyright is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiffs such that Plaintiffs could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

76.

Plaintiffs are also entitled to recover their attorneys' fees and costs of suit. (17 U.S.C. § 505).

**Count II – Misrepresentation (17 U.S.C. Section 512(f))**
**(Defendants Christopher Finely and Asher's Attic)**

77.

Plaintiffs repeat and incorporate into Count II paragraphs 1 through 76 above and 86 through 97 below with the same force and effect as if again set forth fully herein.

78.

Defendants Christopher Finley and Asher's Attic knowingly materially misrepresented that Plaintiffs' Amazon.com listings infringed Defendant Christopher Finley's and/or Asher's Attic's copyright, when, in fact, Defendants Christopher Finley and Asher's Attic do not hold a copyright in the Work and Plaintiffs' listings do not infringe.

79.

The copyright Defendant Christopher Finley and Asher's Attic alleged Plaintiffs infringed (the Schrute Farms Work) is owned by Plaintiff Kyle Motola.

80.

Defendants Christopher Finley's and Asher Attic's knowing material misrepresentations were made under 17 U.S.C. Section 512.

81.

In the alternative, Defendant Christopher Finley and Asher's Attic should have known, if they had acted with reasonable care or diligence, or would have no substantial doubt had he been acting in good faith and not been reckless, that Plaintiffs' Amazon.com listings were not infringing.

82.

As a result of Defendant Christopher Finley's and Asher's Attic's knowing

material misrepresentations, Plaintiffs have been damaged in an amount to be proved at trial, including costs and attorneys' fees, incurred as a result of the material misrepresentations pursuant to 17 U.S.C. Section 512(f).

83.

As a result of Defendants Christopher Finley's and Asher Attic's acts, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to their business in the form of expenditure of time and resources, lost profits, and injury to their goodwill and reputation, all of which are not yet fully ascertainable.

84.

Defendants Christopher Finley's and Asher's Attic's wrongful acts have caused, and are causing, damage to Plaintiffs, which damage cannot be accurately computed, and therefore, unless this Court restrains Defendant Christopher Finley and Asher's Attic from further making knowingly material misrepresentations, Plaintiffs will suffer irreparable damage for which there is no adequate remedy at law. Plaintiffs are entitled to injunctive relief as a result of Defendant Christopher Finley's and Asher's Attic's acts.

### Count III – Tortious Interference with Business Relations
### (Defendants Christopher Finely and Asher's Attic)

85.

Plaintiffs repeat and incorporate into Count IV paragraphs 1 through 44 above

and 94 through 97 below with the same force and effect as if again set forth fully herein.

86.

Plaintiffs have existing business relationships with Amazon.com and Amazon.com shoppers relating to their business.

87.

Plaintiffs have a reasonable expectation of future business relationships with prospective Amazon.com shoppers and others with whom Plaintiffs do business or with whom Plaintiffs may reasonably expect to do business.  This expectancy is based, in part, on the considerable time, energy, and resources it takes to develop the goodwill and reputation associated with Plaintiffs' names.

88.

At all material times hereto, Defendants were aware of Plaintiffs' existing and/or prospective business relationships with Amazon.com and Amazon.com shoppers.

89.

As described herein, Defendants intentionally and/or purposefully interfered with Plaintiffs' existing and prospective relationships by submitting false claims of copyright infringement to Amazon.com resulting in the removal of over 250 of

Plaintiffs' listings.

90.

As a direct and proximate result of Defendants' conduct described herein, Plaintiffs have sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future Amazon.com buyers, and loss of competitive business advantage, opportunity, and/or expectancy.

91.

Defendants' acts, omissions, conduct and transactions alleged herein were intentional, and done willfully and maliciously toward Plaintiffs for the purpose of causing injury to Plaintiffs, and with conscious disregard for Plaintiffs' rights. Plaintiffs' injuries were intensified by the malicious conduct of Defendants, and Defendants' conduct justifies an award of exemplary and punitive damages pursuant to O.C.G.A. Section 51-12-5.1.

92.

This matter arises out of contract; thus, Plaintiffs are entitled to recover their attorneys' fees and costs from Defendants pursuant to the Agreement or, in the alternative, pursuant to O.C.G.A. Section 13-6-11 and/or other applicable law.

## **Count IV – Injunction (Temporary and Permanent)**

93.

Plaintiffs repeat and incorporate into Count V paragraphs 1 through 102 above and 106 through 107 below with the same force and effect as if again set forth fully herein.

94.

As a result of Defendants' copyright infringement, Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts and cause the public and Plaintiffs further immediate and irreparable damage.

95.

As a result of Defendants' tortious interference with business relations, Plaintiffs have suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts and cause the public and Plaintiffs further immediate and irreparable damage.

## Jury Demand

96.

Plaintiffs demand a trial by jury for all issues so triable.

## Prayer for Relief

97.

WHEREFORE, Plaintiffs request the following relief:

A.    Preliminarily and permanently enjoin and restrain Defendant from:

    i.    Manufacturing, advertising, offering for sale, and selling any goods that infringe John Mills, LLC's copyright for the two-dimensional artwork Hawkins Av Club (Registration No. VA 2-153-146); and

    ii.    Making knowingly false misrepresentations in takedown notices.

B.    Require Defendants to account to Plaintiffs for any and all revenue derived from and all damages sustained by Plaintiffs by reason of Defendants' acts complained of herein;

C.    Award John Mills, LLC damages for copyright infringement pursuant to 17 U.S.C. Section 504;

D.    Award John Mills damages for misrepresentation pursuant to 17 U.S.C. Section 512(f);

E.    Award Kyle Motola damages for misrepresentation pursuant to 17 U.S.C.

Section 512(f);

F.    Award John Mills, LLC exemplary and punitive damages pursuant to O.C.G.A. Section 51-12-5.1;

G.    Award Kyle Motola exemplary and punitive damages pursuant to O.C.G.A. Section 51-12-5.1;

H.    Award John Mills, LLC its reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to 17 U.S.C. Section 505;

I.    Award John Mills, LLC its reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to 17 U.S.C. Section 512(f);

J.    Award John Mills, LLC its reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to O.C.G.A. Section 13-6-11;

K.    Award Kyle Motola his reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to 17 U.S.C. Section 512(f);

L.    Award Kyle Motola his reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to O.C.G.A. Section 13-6-11; and

M.    Award Plaintiffs such other and further relief as the Court may deem just and

proper.

Respectfully submitted this 7th day of October, 2020.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Brian C. Huskey
Georgia Bar No. 543361
Kennington R. Groff
Georgia Bar No. 782901

3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Robin@Lilenfeld.com
BH@Lilenfeld.com
KG@Lilenfeld.com