IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHN MILLS, LLC and<br>KYLE MOTOLA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-00275-RWS |
| | ) | |
| CHRISTOPHER GLEN FINLEY, | ) | |
| PAMELA MICHELLE FINLEY, and | ) | |
| ASHER'S ATTIC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW CHRISTOPHER GLEN FINLEY, PAMELA MICHELLE FINLEY and ASHER'S ATTIC, LLC ("Defendants") answering the First Amended Complaint filed by JOHN MILLS, LLC and KYLE MOTOLA by responding as set forth below, and Defendant raises affirmative defenses and counter claims as follows:

**<u>Introduction</u>**

1.    Answering paragraph 1 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

**<u>Plaintiffs</u>**

2.    Answering paragraph 2 of the Complaint, Defendants lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

3.    Answering paragraph 3 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

**<u>Defendants</u>**

1

4.      Defendants admit the allegations of Chris Finley in paragraph 4.

5.      Defendants admit the allegations of Chris Finley in paragraph 5.

6.      Defendants admit the allegations of Pamala Finley in paragraph 6.

7.      Defendants admit the allegations of Pamala Finley in paragraph 7.

8.      Defendants admit the allegations of Asher's Attic, LLC in paragraph 8.

9.      Defendants admit the allegations of Asher's Attic, LLC in paragraph 9.

**Subject Matter Jurisdiction**

10.     Defendants admit the allegations of subject matter jurisdiction in paragraph 10.

**Personal Jurisdiction**

11.     Defendants admit the allegations of personal jurisdiction of Chris Finley in paragraph 11, but Defendant lacks information sufficient to form a belief as to the allegations that the claims against him arise out of his actions within this judicial district, and on that basis, Defendant denies them.

12.     Defendants admit the allegations of personal jurisdiction of Pamala Finley in paragraph 12, but Defendant lacks information sufficient to form a belief as to the allegations that the claims against her arise out of his actions within this judicial district, and on that basis, Defendant denies them.

13.     Defendants admit the allegations of personal jurisdiction of Asher's Attic, LLC in paragraph 13, but Defendants lack information sufficient to form a belief as to the allegations that the claims against him arise out of its actions within this judicial district, and on that basis, Defendant denies them.

**Venue**

14.     Defendants admit Venue is proper here under 28 U.S.C. Section 1391(b)(1)

because all Defendants reside within this judicial district.  Defendants lack information sufficient to form a belief that Venue is also proper here under 28 U.S.C. Section 1391(b)(2) and on that basis denies them. Defendants deny that they have manufactured, advertised, offered for sale, and sold goods that infringe Plaintiffs' copyrights and tortuously interfered with Plaintiffs' current and prospective business relations from within this judicial district.

**Facts**

John Mills, LLC

15.     Answering paragraph 15 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

16.     Answering paragraph 16 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

17.     Answering paragraph 17 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

Kyle Motola's Copyright

18.     Answering paragraph 18 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

John Mills, LLC's Copyright

19.     Answering paragraph 19 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

The Parties' Competing Web Stores

20.     Answering paragraph 20 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

21.     Answering paragraph 21 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

22.    Answering paragraph 22 of the Complaint, Defendants deny that Christopher Finley operates the Amazon Store under the name Asher's Apparel.

23.    Defendants deny the allegations of paragraph 23.

24.    Answering paragraph 24 of the Complaint, Defendants deny that Pamala Finley operates an Etsy Shop under the name Asher's Apparel Co.

25.    Defendants deny the allegations of paragraph 25.

26.    Answering paragraph 26 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

27.    Answering paragraph 27 of the Complaint, Defendant Asher's Attic, LLC has sold clothing through an Asher's Apparel Amazon Store, but Defendant Chris Finley and Pamala Finley deny selling clothing through an Asher's Apparel Amazon Store. Defendants lack information sufficient to form a belief as to whether its clothing bear two-dimensional artwork substantially similar to the Schrute Farms Work, and on that basis, Defendants deny them.

28.    Answering paragraph 27 of the Complaint, Defendant Asher's Attic, LLC has sold clothing through an Asher's Apparel Co., but Defendant Chris Finley and Pamala Finley deny selling clothing through an Asher's Apparel Co.. Defendants lack information sufficient to form a belief as to whether its clothing bear two-dimensional artwork substantially similar to the Schrute Farms Work, and on that basis, Defendants deny them.

29.    Answering paragraph 29 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

30.    Answering paragraph 30 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

31.     Answering paragraph 31 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

32.     Answering paragraph 32 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

33.     Answering paragraph 33 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

34.     Answering paragraph 34 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

35.     Answering paragraph 35 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

36.     Answering paragraph 36 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

37.     Answering paragraph 37 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

38.     Answering paragraph 38 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

39.     Answering paragraph 39 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

40.     Answering paragraph 40 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

41.     Answering paragraph 41 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

42.     Answering paragraph 42 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

43.     Answering paragraph 43 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

44.     Answering paragraph 44 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

45.     Answering paragraph 45 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

46.     Answering paragraph 46 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

47.     Answering paragraph 47 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

48.     Answering paragraph 48 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

49.     Answering paragraph 49 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

50.     Answering paragraph 50 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

51.     Answering paragraph 51 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

52.     Answering paragraph 52 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

53.     Answering paragraph 53 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

4823-7547-4127, v. 1

54.    Answering paragraph 54 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

55.    Answering paragraph 55 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

56.    Answering paragraph 56 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

57.    Answering paragraph 57 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

58.    Answering paragraph 58 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

59.    Answering paragraph 59 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

60.    Answering paragraph 60 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

61.    Answering paragraph 61 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

62.    Answering paragraph 62 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

63.    Answering paragraph 63 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

64.    Answering paragraph 64 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

65.    Answering paragraph 65 of the Complaint, Defendants lack information sufficient

4823-7547-4127, v. 1

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

66.    Answering paragraph 66 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

**Count I – Copyright Infringement (Schrute Farms Work)**

67.    Defendants repeats and realleges the allegations contained in paragraphs 1 through 66 above and 78 through 97 below.

68.    Defendants admit that Plaintiff is seeking relief for copyright under section 17 U.S.C. Section 501 but lacks sufficient information to determine what additional 501 sections Plaintiff is seeking relief and denies the same.

69.    Answering paragraph 69 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

70.    Defendants deny the allegations of paragraph 70.

71.    Defendants deny the allegations of paragraph 71.

72.    Defendants deny the allegations of paragraph 72.

73.    Defendants deny the allegations of paragraph 73.

74.    Defendants deny the allegations of paragraph 74.

75.    Defendants deny the allegations of paragraph 75.

76.    Defendants deny the allegations of paragraph 76.

**Count II – Misrepresentation (17 U.S.C. Section 512(f))**

**(Defendants Christopher Finely and Asher's Attic)**

77.    Defendants repeats and realleges the allegations contained in paragraphs 1 through 76 above and 86 through 97 below.

78.    Defendants admit that Plaintiff is seeking relief for Misrepresentation under

4823-7547-4127, v. 1

section 17 U.S.C. Section 512 but lacks sufficient information to determine what additional 512

sections Plaintiff is seeking relief and denies the same.

79.     Answering paragraph 79 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

**Count III – Tortious Interference with Business Relations**

**(Defendants Christopher Finely and Asher's Attic)**

85.     Defendants repeats and realleges the allegations contained in paragraphs 1

through 44 above and 94 through 97 below.

86.     Answering paragraph 86 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

87.     Answering paragraph 87 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

88.     Defendants deny the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Answering paragraph 90 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

91.     Defendant deny the allegations of paragraph 85.

92.     Answering paragraph 92 of the Complaint, Defendants lack information sufficient

to form a belief as to the facts alleged, and on that basis, Defendants deny them.

## Count IV – Injunction (Temporary and Permanent)

93.     Defendants repeats and realleges the allegations contained in paragraphs 1 through 102 above and 106 through 107 below.

94.     Answering paragraph 94 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

95.     Answering paragraph 95 of the Complaint, Defendants lack information sufficient to form a belief as to the facts alleged, and on that basis, Defendants deny them.

Jury Demand

96.     Defendant joins Plaintiff in the request for a jury trial.

Prayer for Relief

A.     Defendants deny Plaintiff is entitled to any relief, including any request for a preliminary or permanent injunction, as requested in Section A(i) and A(ii) of their prayer for relief.

B.     Defendants deny Plaintiff is entitled to any monetary damages requested in Section B of their prayer for relief.

C.     Defendants deny Plaintiff is entitled to any monetary damages requested in Section C of their prayer for relief.

D.     Defendants deny Plaintiff is entitled to any monetary damages requested in Section D of their prayer for relief.

E.     Defendants deny Plaintiff is entitled to any monetary damages requested in Section E of their prayer for relief.

F.     Defendants deny Plaintiff is entitled to any monetary damages requested in

Section F of their prayer for relief.

G.    Defendants deny Plaintiff is entitled to any monetary damages requested in Section G of their prayer for relief.

H.    Defendants deny Plaintiff is entitled to any reasonable attorneys' fees, costs, and disbursements requested in Section H of their prayer for relief.

I.    Defendants deny Plaintiff is entitled to any reasonable attorneys' fees, costs, and disbursements requested in Section G of their prayer for relief.

J.    Defendants deny Plaintiff is entitled to any reasonable attorneys' fees, costs, and disbursements requested in Section J of their prayer for relief.

K.    Defendants deny Plaintiff is entitled to any reasonable attorneys' fees, costs, and disbursements requested in Section K of their prayer for relief.

L.    Defendants deny Plaintiff is entitled to any reasonable attorneys' fees, costs, and disbursements requested in Section L of their prayer for relief.

M.    Defendants deny Plaintiff is entitled to any other relief sought in section M of their prayer for relief.

## **AFFIRMATIVE DEFENSES**

Defendants hereby asset the following Affirmative Defenses in this case:

### FIRST AFFIRMATIVE DEFENSE

1.    Defendants' allegedly infringing artwork was created independently, without knowledge of or exposure to the Plaintiff's work.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiffs have unclean hands. They base their claims of infringement on works they copied from others. Plaintiffs claim's Defendant tortious Interfered with Plaintiff's Business

11

Relations while tortuously interfering (or having others on their behalf tortuously interfering) with Defendants business relations.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's copyrights are invalid and/or unenforceable, including by reason of lack of originality and lack of copyrightable subject matter.

## FORTH AFFIRMATIVE DEFENSE

4.    Plaintiffs' claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

## FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiffs' claims against Defendant Pam Finley and Defendant Christopher Finley are based on actions falling within the course and scope of their employment with Asher's Attic, LLC and are thus barred under the doctrine of Respondeat Superior.

## SIXTH AFFIRMATIVE DEFENSE

6.    Defendants' conduct was innocent, non-infringing, and not a willful infringement of copyright.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims are barred, in whole or in part, because some or all of the works of authorship that form the subject of the claims for relief are not original to Plaintiff and, therefore, Plaintiff lacks standing to pursue these claims.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs has failed to properly register the copyrights in one or more of the works set forth in their Complaint and thus are not permitted to file this suit or maintain this action.

4823-7547-4127, v. 1

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs have engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendants reserve the right to assert one or more antitrust related claims.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims to injunctive relief are barred, in whole or in part, because (1) it is not likely to prevail on the merits; (2) Plaintiff has not suffered and will not suffer irreparable harm because of any conduct by Defendant; and (3) Plaintiff has an adequate remedy at law for its alleged injury.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred since critical part or portions of their alleged protected copyrights are invalid due to consisting of un-protectable subject matter.

## TWELVETH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims of tortious interference are barred under the US constitution first amendment right to free speech.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred, in whole or in part, because Defendants are not infringing, and have in the past not infringed, any of the Plaintiff's copyrights.

## FOURTENTH AFFIRMATIVE DEFENSE

14.     One or more of Plaintiffs copyrights have elements taken from the public domain upon which a copyright infringement action cannot be maintained.

## FIFTEENTH AFFIRMATIVE DEFENSE

4823-7547-4127, v. 1

15.     Plaintiffs fail to state a claim against Defendant on which relief can be granted.

SIXTENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims of tortious interference are barred under the privilege of fair competition.

**COUNTERCLAIM**

Asher's Attic, LLC (the "Defendant/Counter Claim Plaintiff") files this Counter Claim against Kyle Motola and John Mills (Collectively "Plaintiffs / Counter Claim Defendants") and allege as follows:

Introduction

1.     Plaintiffs / Counter Claim Defendants filed false claims of copyright infringement claims against Defendant/Counter Claim Plaintiff as part of a deliberate, ongoing campaign to destroy Defendant/Counter Claim Plaintiff business.

Parties

Defendant/Counter Claim Plaintiff

2.     Defendant/Counter Claim Plaintiff Asher's Attic, LLC is a limited liability company organized under the laws of the State of Georgia with its principal place of business at 6420 Boulder Ridge, Cumming, Georgia 30028

Plaintiff / Counter Claim Defendant

3.     On information and belief, Plaintiff / Counter Claim Defendant Kyle Motola is an individual and a resident of the State of Oregon.

4.     Kyle Motola is Director of Marketing and Operations of John Mills, LLC.

5.     On information and belief, Plaintiff / Counter Claim Defendant John Mills, LLC is corporation in the State of Oregon and Robert Daddario is an officer and/or a principle of John Mills, LLC.

Subject Matter Jurisdiction

6.    The Court has supplemental jurisdiction over the state law claims (tortious interference with business relations) under 28 U.S.C. Section 1367.

Personal Jurisdiction

7.    This Court has personal jurisdiction over Kyle Motola and John Mills because they availed themselves to this judicial district when they filed this lawsuit and the claims against them arise out of his actions that effect the Defendant/Counter Claim Plaintiff Asher's Attic within this judicial district.

Venue

8.    Venue is also proper here under 28 U.S.C. Section 1391(b)(2) because a substantial part of Plaintiff / Counter Claim Defendant wrongful conduct affected Defendant/Counter Claim Plaintiff in this judicial district.

Facts

9.    Defendant / Counter Claim Plaintiff Asher's Attic, LLC distribute a wide variety of clothing including, but not limited to, hoodies, sweatshirts, t-shirts and tank tops bearing various artwork.

Kyle Motola's Copyright

10.    On information and belief, Plaintiff / Counter Claim Defendant Kyle Motola has obtained copyright Registration No. VA 2-132-052 ('052 Registration) that contained artwork that is substantially similar to artwork ("Public Artwork") that was published by another (See Exhibit A) on a date (October 12, 2017) prior to the first publication date (February 12, 2018) listed in the '052 registration.

# Exhibit A



See:
https://www.amazon.com/iApparel-Schrute-Breakfast-Heather-Sweatshirt/dp/B07F912WWM/ref=pd_srecs_sabr_st_2/138-3731706-4964519?_encoding=UTF8&pd_rd_i=B07F912WWM&pd_rd_r=5e3342dc-60e7-469b-8ba2-92bacdbc5bea&pd_rd_w=Vd7DO&pd_rd_wg=Yn5Wf&pf_rd_p=45d59938-bfe8-411f-b436-e9d5a892354b&pf_rd_r=FJ05GK9172CZ7XFDV820&refRID=FJ05GK9172CZ7XFDV820

4823-7547-4127, v. 1

11.     On information and belief, Plaintiff / Counter Claim Defendant Kyle Motola had access to such artwork prior to creating the artwork that is subject of the '052 registration.

12.     On information and belief, Plaintiff / Counter Claim Defendant Kyle Motola did not disclose the availability of the Public Artwork to the copyright office when he obtained the '052 registration.

13.     On information and belief, the '052 registration was obtained under false pretenses and is invalid.

John Mills Copyright

14.     On information and belief, Plaintiff / Counter Claim Defendant John Mills has obtained copyright Registration No. VA 2-153-146 ('146 Registration) that contained artwork that is substantially similar to artwork ("Hawkins Public Artwork") that was published by another (See Exhibit B) on a date (April 18, 2016) prior to the first publication date (January 17, 2017) listed in the '146 registration.

# Exhibit B



See:

https://www.amazon.com/Mars-NY-Hawkins-Sweatshirt-Stranger/dp/B0749JH3VF/ref=cm_wl_huc_item

15.    On information and belief, Plaintiff / Counter Claim Defendant John Mills had access to the Hawkins Public Artwork prior to creating the artwork that is subject of the '146 registration.

4823-7547-4127, v. 1

16.     On information and belief, Plaintiff / Counter Claim Defendant John Mills did not disclose the availability of the Hawkins Public Artwork to the copyright office when he obtained the '146 registration.

17.     On information and belief, the '146 registration was obtained under false pretenses and is invalid.

Plaintiff/Counter Claim Defendant False Claims of Copyright Infringement

18.     On information and belief at least as early as May 2019, Plaintiffs / Counter Claim Defendants Kyle Motola, and Robert Daddario on behalf of John Mills, began filing false complaints of copyright infringement against Asher's Attic LLC with Amazon.com and claiming to own the copyrights to the work in the '052 registration and the '146 registration respectively. Plaintiff/Counter Claim Defendant has a copyright license to the '052 registration.

19.     As a result of the Plaintiffs / Counter Claim Defendants complaint for a copyright obtained under false pretenses, Amazon.com removed many of Asher's Attic, LLC listings.

20.     As a result of Plaintiffs / Counter Claim Defendants Complaint to Amazon, Defendant / Counter Claim Plaintiff Asher's Attic LLC has lost all potential revenue from some of those listings since May 2019.

21.     Amazon.com has not restored the listings it removed as a result of the Robert Daddario and Kyle Motola's complaint to Amazon.

Count I – Tortious Interference with Business Relations

22.     Defendant/Counter Claim Plaintiff repeats and incorporates into Count I paragraphs 1 through 21 above in this Counter Claim with the same force and effect as if again set forth fully herein.

23.     Defendant/Counter Claim Plaintiff has an existing business relationship with Amazon.com and Amazon.com shoppers, Etsy and Etsy.com relating to its business.

24.     Defendant/Counter Claim Plaintiff has a reasonable expectation of future business relationships with prospective Etsy.com and Amazon.com shoppers and others with whom Defendant/Counter Claim Plaintiff does business or with whom Defendant/Counter Claim Plaintiff may reasonably expect to do business. This expectancy is based, in part, on the considerable time, energy, and resources it takes to develop the goodwill and reputation associated with Defendant/Counter Claim Plaintiff.

25.     At all material times hereto, Plaintiffs / Counter Claim Defendants were aware of Defendant/Counter Claim Plaintiff's existing and/or prospective business relationships with Amazon.com and Amazon.com shoppers.

26.     As described herein, Plaintiff / Counter Claim Defendant Kyle Motola and Robert Daddario on behalf of John Mills intentionally and/or purposefully interfered with Defendant/Counter Claim Plaintiff's existing and prospective relationships by submitting false claims of copyright infringement to Amazon.com and Etsy.com resulting in the removal of multiple of Defendant/Counter Claim Plaintiff's listings.

27.     As a direct and proximate result of Plaintiff / Counter Claim Defendants' conduct described herein, Defendant/Counter Claim Plaintiff has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future Amazon.com and Etsy.com buyers, and loss of competitive business advantage, opportunity, and/or expectancy.

28.     Plaintiff / Counter Claim Defendant's acts, omissions, conduct and transactions alleged herein were intentional, and done willfully and maliciously toward Defendant/Counter Claim Plaintiff for the purpose of causing injury to Defendants / Counter Claim Plaintiffs, and with conscious disregard for Defendant/Counter Claim Plaintiff' rights. Defendants / Counter Claim Plaintiffs' injuries were intensified by the malicious conduct of Plaintiff / Counter Claim Defendant, and Plaintiff / Counter Claim Defendant's conduct justifies an award of exemplary and punitive damages pursuant to O.C.G.A. Section 51-12-5.1.

29.     This matter arises out of contract; thus, Defendant/Counter Claim Plaintiff are entitled to recover its attorneys' fees and costs from Plaintiff / Counter Claim Defendant pursuant to the Agreement or, in the alternative, pursuant to O.C.G.A. Section 13-6-11 and/or other applicable law.

30.     As a result of Plaintiff / Counter Claim Defendant' tortious interference with business relations, Defendant/Counter Claim Plaintiff has suffered and continue to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Plaintiff / Counter Claim Defendant will continue these acts and cause the public and Defendant/Counter Claim Plaintiff further immediate and irreparable damage.


COUNT 2 – Misrepresentation (17 U.S.C. Section 512(f))

31.     Defendant / Counter Plaintiff Asher's Attic LLC repeats and incorporates into this Count 2 paragraphs 1 - 30 above and 1-7 below with the same force and effect as if again set forth fully herein.

32.     Under 17 U.S.C. 512 Amazon and Etsy are service providers.

33.    Plaintiff/Counter Defendants and/or their employees knowingly materially misrepresented that Defendant/Counter Plaintiff's Amazon.com listings infringed Plaintiffs/Counter Defendants copyright, when, in fact, Defendant/Counter Plaintiff has a license to the copyright in the Schrute Farms Work and Defendant/Counter Plaintiff's listings do not infringe.

34.    The Plaintiff/Counter Defendant Motola misrepresented to Amazon and/or Etsy that Defendant/Counter Plaintiff Asher's Attic LLC infringed the Schrute Farms Work even though such copyright is not owned by Plaintiffs/ Counter Defendant Motola or alternatively such copyright was procured by the Plaintiff/Counter Defendant Motola through fraudulent means.

35.    The Plaintiff/Counter Defendant John Mills misrepresented to Amazon and/or Etsy that Defendant/Counter Plaintiff's infringed Plaintiff/Counter Defendant John Mills copyright in Hawkins Work even though such copyright not owned by Plaintiffs/ Counter Defendants or alternatively such copyright was procured by the Plaintiffs/Counter Defendant John Mills through fraudulent means.

36.    Plaintiffs/Counter Defendants knowing material misrepresentations were made under 17 U.S.C. Section 512.

37.    In the alternative, Plaintiffs/Counter Defendants should have known, if they had acted with reasonable care or diligence, or would have no substantial doubt had they been acting in good faith and not been reckless, that Defendant/Counter Plaintiff Asher's Attic, LLC Amazon.com listings or Etsy listings were not infringing.

38.    As a result of Plaintiffs/Counter Defendants knowing material misrepresentations, Defendant/Counter Plaintiff Asher's Attic, LLC has been damaged in an amount to be proved at

trial, including costs and attorneys' fees, incurred as a result of the material misrepresentations pursuant to 17 U.S.C. Section 512(f).

39.     As a result of Plaintiffs/Counter Defendants acts, Defendant/Counter Plaintiff Asher's Attic, LLC has suffered, is suffering, and will continue to suffer substantial damage to their business in the form of expenditure of time and resources, lost profits, and injury to their goodwill and reputation, all of which are not yet fully ascertainable.

40.     Plaintiffs/ Counter Defendants wrongful acts have caused, and are causing, damage to Defendant/Counter Plaintiff Asher's Attic, LLC, which damage cannot be accurately computed, and therefore, unless this Court restrains Plaintiffs/Counter Defendants from further making knowingly material misrepresentations, Defendant/Counter Plaintiff Asher's Attic will suffer irreparable damage for which there is no adequate remedy at law. Defendant/Counter Plaintiff Asher's Attic is entitled to injunctive relief as a result of Plaintiffs/Counter Defendants acts.

WHEREFORE, Defendant prays this Honorable Court for the following relief:

1.     For dismissal of the Plaintiffs' action with prejudice;

2.     For an order that Plaintiffs' shall take no relief from their complaint herein;

3.     For an award of Defendant's costs and attorneys' fees herein incurred;

4.     Require Plaintiffs / Counter Claim Defendants to account to Defendant / Counter Claim Plaintiff for any and all revenue derived from and all damages sustained by Defendant / Counter Claim Plaintiff by reason of Plaintiffs / Counter Claim Defendants' acts complained of herein;

5.     Award Defendant/Counter Claim Plaintiff exemplary and punitive damages pursuant to O.C.G.A. Section 51-12-5.1;

6.     Preliminarily and permanently enjoin and restrain Plaintiffs/Counter Defendants from: Making knowingly false misrepresentations in takedown notices.

7.      Require Plaintiffs/Counter Defendants to account to Defendant/Counter Plaintiff Asher's Attic, LLC for any and all revenue derived from and all damages sustained by Defendants/ Counter Plaintiff Asher's Attic, LLC by reason of Plaintiffs/Counter Defendants' acts complained of herein;

8.      Award Defendant/Counter Plaintiff Asher's Attic, LLC damages for misrepresentation pursuant to 17 U.S.C. Section 512(f);

9.      Award Defendant/Counter Plaintiff Asher's Attic, LLC its reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to 17 U.S.C. Section 512(f);

6.      Award Defendant/Counter Claim Plaintiff its reasonable attorneys' fees, costs, and disbursements incurred on account of this civil action pursuant to O.C.G.A.; and

7.      Award such further and other relief and the Court deems fair and just.

DATED: <u>October 21, 2020</u>                              **Steven Stewart LLC**
                                                       By: <u>*/s/ Steven Stewart*</u>
                                                       **Steven Stewart**
                                                       *Attorney for Defendant CHRISTOPHER GLEN FINLEY, PAMELA MICHELLE FINLEY and ASHER'S ATTIC, LLC*
                                                       Georgia Bar No. 719301

**Certificate of Service**

I hereby certify that on this 21 October 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

**LILENFELD PC**
David M. Lilenfeld
Robin L. Gentry
Kennington R. Groff
3379 Peachtree Road NE,
Suite 980
Atlanta, Georgia 30326
David@Lilenfeld.com
Robin@Lilenfeld.com
KG@Lilenfeld.com

Dated: October 21, 2020

/s/ *Steven Stewart*
Steven C. Stewart
Georgia Bar No. 719301
5550 Hastings Terrace
Alpharetta, Georgia 30326
(206) 321-9072 – telephone
stewartiplaw@me.com

4823-7547-4127, v. 1